IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARLES KELVIN JOHNS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:21-cv-140-ECM-JTA |
| | ) |
| SHARONDA M. PETTAWAY, et al., | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Charles Kelvin Johns, proceeding *pro* se, filed a complaint pursuant to 42 U.S.C. § 1983 alleging violations of his rights under the Constitution or laws of the United States. (Doc. No. 1.) This action was referred to the undersigned for consideration and disposition or recommendation on all pretrial matters as may be appropriate pursuant to 28 U.S.C. § 636. (Doc. No. 3.)

This cause is before the court on Defendants' Motion to Dismiss the Amended Complaint (Doc. No. 17) and Plaintiff's brief in opposition thereto (Doc. No. 20). For the reasons stated herein, the Magistrate Judge finds that the motion to dismiss is due to be GRANTED.

**I.     BACKGROUND AND PROCEDURAL HISTORY**

This cause arises from the nonpayment of child support. Plaintiff filed his Complaint on February 17, 2021, naming the Alabama Department of Human Resources ("Alabama DHR") as the sole defendant. (Doc. No. 1.) On June 22, 2021, Plaintiff filed

an Amended Complaint, naming Sharonda M. Pettaway, Nancy Buckner, and Faye Nelson as defendants (collectively "Defendants"). (Doc. No. 12.) Plaintiff included the titles of Defendants in the Amended Complaint which the court construes to mean he is alleging claims against them in their official capacities as employees of the Alabama Department of Human Resources ("Alabama DHR").[1] (*Id*. at 1, 4.) Plaintiff alleges he was ordered by the Montgomery Circuit Court to pay child support and went into arrears due to being incarcerated. (*Id*. at 4-5.) Plaintiff also alleges Defendants obtained a lien against his personal properties and a levy against his bank account in 2016 to which he complains he was not afforded an opportunity to be heard. (*Id*. at 5-6.) Plaintiff further alleges his constitutional rights to due process[2] and equal protection were violated by Defendants' failure to give him prior notice of the levy process, an opportunity to be heard before taking such action and prior notice of the amount to be seized from his bank account. (*Id*. at 1, ¶ 5; *Id*. at 5.) Plaintiff seeks as relief "reinstatement of the process[,]" "a complete copy of the record" and "injunctive relief to stop [Defendants] from violating any other citizen's Due Process Rights." (*Id*. at 2, ¶ 6.) Plaintiff explicitly states that he is not seeking monetary relief. (*Id*. at 3-6.)

Defendants filed a motion to dismiss arguing that Plaintiff failed to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) because

---

[1] In the Amended Complaint, Plaintiff alleges that Sharonda M. Pettaway is "Director," "Nancy Buckner" is "Commissioner" and Faye Nelson is "Director" of DHR. (*Id*. at 1, 4.) Notably, Plaintiff directed that Defendants "be served at their work place" at "DHR." (*Id*. at 1, ¶ 2.)

[2] Plaintiff specifically alleges his rights under the Due Process Clause of the Fifth and Fourteenth Amendments have been violated. (*Id*. at 6.)

2

(1) the Fifth Amendment does not apply to the State Government, (2) the relief sought by Plaintiff is not available under § 1983, and (3) Plaintiff's claims are barred by the statute of limitations. (Doc. No. 18.) Plaintiff responded that the Fifth Amendment is applicable to the States by the Fourteenth Amendment and the prospective injunctive relief he is seeking is available under § 1983. (Doc. No. 20.)

The motion to dismiss is ripe for disposition.

## II.   STANDARD OF REVIEW

When evaluating a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must take the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff. *See Resmick v. AvMed, Inc.*, 693 F.3d 1317, 1321-22 (11th Cir. 2012). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. "[A] Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is 'apparent from the face of the complaint' that the claim is time-barred." *La Grasta v. First Union Sec., Inc.,* 358 F.3d 840, 845 (11th Cir. 2004) (citation omitted).

Finally, a plaintiff's *pro se* status must be considered when evaluating the sufficiency of a complaint. "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Yet, a *pro se* complaint still must allege factual allegations that "raise a right to relief above the speculative level." *Saunders v. Duke,* 766 F.3d 1262, 1266 (11th Cir. 2014) (internal quotation marks omitted).

### III.   JURISDICTION

This court has subject matter jurisdiction over this action based on federal question jurisdiction, 28 U.S.C. § 1331, as Plaintiff alleges claims under 42 U.S.C. § 1983.

### IV.   DISCUSSION

A.   Section 1983

42 U.S.C. § 1983 provides a remedy when a person acting under color of law deprives a plaintiff of a right, privilege, or immunity secured by the Constitution, laws or treaties of the United States. *See* 42 U.S.C. § 1983. The Supreme Court of the United States has determined that despite state officials "literally" being persons, "a suit against a state official in [their] official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (citing *Brandon v. Holt*, 469 U.S. 464, 471 (1985)). The Supreme Court then stated that such a suit against a state official in their official capacity "is no different from a suit against the state itself." *Will*, 491 U.S. at 71 (citing *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Monell v. Dept. of Soc. Services of City of New York*, 436 U.S. 658, 690 n. 55

(1978). Hence, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will*, 491 U.S. at 71. The Eleventh Circuit has followed suit by flatly stating that "state officials acting in their official capacities are not 'persons' subject to liability under" § 1983. *Carr v. City of Florence*, 916 F.2d 1521, 1525 n.3 (11th Cir. 1990) (citing *Will*, 491 U.S. at 58 (1989)). Because Defendants are state officials when fulfilling their duties for their employer, ADHR,[3] they cannot be liable under § 1983 and Plaintiff's claims against them in their official capacities cannot survive. Accordingly, Defendants' motion is due to be granted.

B. Statute of Limitations

There is no specific statute of limitations for a § 1983 action. *Owens v. Okure,* 488 U.S. 235, 239 (1989). Instead, the statute of limitations is determined by the state's statute of limitations for personal injury actions. *Id.* at 240–41. *See Higdon v. Tusan,* 746 F. App'x 805, 814 (11th Cir. 2018) ("All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations for personal injury claims in the state where the action is brought.") (citation omitted). In Alabama, the statute of limitations for a § 1983 action is two years. *See Lufkin v. McCallum,* 956 F.2d 1104, 1105 n.2 (11th Cir. 1992). "However, the accrual date of a § 1983 claim, from which the statute of limitations begins

---

[3] It is well-established that ADHR is an arm of the State. *See also Hatcher v. Alabama Dep't of Human Serv., Child Support Enf't Div.*, 747 F. App'x 778, 783 (11th Cir. 2018) (finding that State of Alabama Department of Human Services, Child Support Enforcement Division is treated as an arm of the state by Alabama); *Kid's Care, Inc. v. State of Ala. Dep't of Human Res.*, No. 01–T–453–N, 2001 WL 35827965, at *1 (M.D. Ala. June 14, 2001); *Ex parte Ala. Dep't. of Human Res.*, 999 So. 2d 891, 896 (Ala. 2008) (holding that Alabama DHR is entitled to sovereign immunity under Alabama Constitution).

to run, is determined by federal law. . . . Section 1983 accrual occurs when the plaintiff has a 'complete and present cause of action' and can thus 'file suit and obtain relief.'" *Tillman v. Orange Cty., Fla.*, 519 F. App'x 632, 635 (11th Cir. 2013) (citations omitted). *See also Porter v. Ray*, 461 F.3d 1315, 1323 (11th Cir. 2006) ("the statute of limitations does not begin to run until the facts that would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights") (citation omitted). Here, Plaintiff complains of a lien against his personal property and a levy placed on his bank account for which he received written notice in 2016. (Doc. No. 12 at 5.) As of that time, he knew or should have known, all of the facts necessary to pursue a cause of action, but he did not file his complaint until 2021, more than five years later. Plaintiff filed his action too late, thus his § 1983 claims are time barred.

Plaintiff argues his Amended Complaint should not be time barred under the continuing violation doctrine. (Doc. No. 20 at 4.) The Eleventh Circuit has noted repeatedly that "the critical distinction in the continuing violation analysis is whether the plaintiff complains of the present consequence of a one-time violation, which does not extend the limitations period, or the continuation of that violation into the present, which does." *Porter*, 461 F.3d at 1323 (citation omitted); *McGinley v. Mauriello*, 682 F. App'x 868, 872 (11th Cir. 2017) ("Our precedents draw a clear analytical distinction between continuing violations and the continuing effects of a completed violation; the former extends the limitations period while the other does not.") Here, Defendants' action of filing a lien against Plaintiff's personal property and a levy against his bank account in 2016 was a one-time action with continued consequences. The fact that Plaintiff continues to feel

the effects of the completed violation does not extend the statute of limitations. *See McGinley*, 682 F. App'x at 872.[4] The undersigned finds no support for applying the continuing violation doctrine to this cause.

Accordingly, Plaintiff's claims arising under § 1983 are barred by the statute of limitations and are due to be dismissed.[5]

C.  Amendment

Ordinarily, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," *Foman v. Davis*, 371 U.S. 178, 182 (1962), leave to amend "should be freely given." *See* Fed. R. Civ. P. 15(a). Under *Foman*, however, a district court may properly deny leave to amend the complaint when such amendment would be futile. *Foman*, 371 U.S. at 182. *See Higdon v. Tusan*, 746 F. App'x 805, 815 (11th Cir. 2018) ("Amending a complaint would be futile if the complaint, as amended, would still be subject to dismissal.") (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)). Under the facts presented, the undersigned concludes that further amendment of the Amended Complaint would be futile because amendment would not cure the fact that the defendants named cannot be sued in their official capacities under § 1983 or the statute of

---

[4] Correspondingly, Plaintiff contends he is entitled to prospective injunctive relief under *Ex parte Young*. (Doc. No. 20 at 4.) However, "the *Ex parte Young* doctrine applies only to ongoing and continuous violations of federal law." *Smith v. State of Alabama Dep't of Hum. Res. Child Support Div.*, No. CV 15-00629-KD-N, 2016 WL 3646881, at *9 (S.D. Ala. June 3, 2016), *report and recommendation adopted*, No. CV 15-00629-KD-N, 2016 WL 3637089 (S.D. Ala. June 30, 2016) (citing *Papasan v. Allain,* 478 U.S. 265, 277–78 (1986))). "In other words, a plaintiff may not use the doctrine to adjudicate the legality of past conduct." *Id*. (citing *Papasan*, 478 U.S. at 277–78.) Hence, *Ex parte Young* is inapplicable to Plaintiff's claim for equitable relief.

[5] The undersigned pretermits discussion of Defendants' remaining arguments for dismissal.

limitations bar. Accordingly, the undersigned concludes that amendment in this case is not warranted.

## V. CONCLUSION

For the reasons stated above, it is the RECOMMENDATION of the Magistrate Judge that

1. Defendants' motion to dismiss (Doc. No. 17) be GRANTED.

2. This action be DISMISSED WITHOUT PREJUDICE.

It is further

ORDERED that **on or before February 23, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. The parties are advised that frivolous, conclusive, or general objections to the Recommendation will not be considered. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of these legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such

notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 8th day of February, 2022.

_/s/ Jerusha J. Adams_
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE